110 F.3d 69
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SECURITIES AND EXCHANGE COMMISSION, Plaintiff-Appellee,
v.
KS RESOURCES; John K. Judd, Jr.; Mid-West Production,
Inc.; Weststar Exploration, Inc.; Mark D. Seigel;
Alexander L. Kahan; Guardian Industries, Inc., Pathfinder
Minerals Group, Inc.; Alex Kahan Enterprises, Inc.,
Defendants-Appellants.
 No. 96-55748.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 24, 1997.*
Decided March 27, 1997.
 
 Before: SNEED, FARRIS, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellants appeal the district court's interlocutory order appointing a permanent receiver in the Securities and Exchange Commission's action alleging violations of federal securities laws. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(2), and we affirm.
 
 
 3
 Appellants contend that the district court lacked jurisdiction to appoint a receiver in a civil enforcement action brought by the Securities and Exchange Commission. This contention lacks merit.
 
 
 4
 This court has "repeatedly approved imposition of a receivership in appropriate circumstances."[1] Securities & Exch. Comm'n v. Wencke, 622 F.2d 1363, 1369 (9th Cir.1980). Moreover, contrary to appellants' argument, "[t]he power of a district court to impose a receivership ... does not in the first instance depend on a statutory grant of power from the securities laws. Rather, the authority derives from the inherent power of a court of equity to fashion effective relief." Id. We conclude that Central Bank of Denver v. First Interstate Bank of Denver, 511 U.S. 164 (1994), does not apply because it limits a right of action rather than a court's jurisdiction to order equitable relief.
 
 
 5
 Accordingly, we affirm the district court's interlocutory order appointing a permanent receiver.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellants do not challenge the district court's factual findings in making its ruling